**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEREMY L. RAMIREZ,<br>on behalf of himself and the<br>class defined below, | ) )<br>)<br>)<br>) | 09 CV 1195 |
| Plaintiff, | )<br>) | Judge Lefkow |
| vs. | )<br>) | Magistrate Judge Denlow |
| GREEN TREE SERVICING LLC, | )<br>)<br>) | |
| Defendant. | ) | |

## SECOND AMENDED COMPLAINT – CLASS ACTION

## MATTERS COMMON TO MULTIPLE CLAIMS

### INTRODUCTION

1.      Plaintiff Jeremy L. Ramirez brings this action to secure redress for unlawful credit and collection practices engaged in by Defendant Green Tree Servicing LLC ("Green Tree").  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq. ("FDCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### JURISDICTION AND VENUE

3.      This Court has jurisdiction under 15 U.S.C. §1692k and 28 U.S.C. §§1331, 1337, and 1367.

4.      Venue in this District is proper because Defendant sent its collection communications into this District, does business in this District, and has filed numerous collection lawsuits within this District.

### PARTIES

1

5. Plaintiff Jeremy L. Ramirez is a resident of the Northern District of Illinois.

6. Defendant Green Tree Servicing LLC is a limited liability company chartered under the law of Delaware with principal offices at 345 St. Peter, St. Paul, MN 55102. It does business in Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

7. Defendant Green Tree is engaged in the business of collecting delinquent consumer debts originally owed to others, using the mails and interstate telephone system for that purpose. Defendant maintains a Web site ( www.greentreeresults.com/servicing.html) on which it states that it provides "Collections services for charged-off assets and deficiency balance[s]."

8. Defendant Green Tree is a debt collector as defined in the FDCPA.

9. Defendant Green Tree is a collection agency as defined in the ICAA.

10. Defendant Green Tree's activities within the state of Illinois are not limited to collecting debts by means of interstate communication.

11. Defendant Green Tree's activities within the state of Illinois include the filing of over 100 lawsuits in Illinois courts for the purpose of collecting debts or realizing on collateral.

12. Defendant Green Tree's activities within the state of Illinois include maintaining an address for the payment of debts, PO Box 94710, Palatine, IL 60094.

## FACTS

13. Defendant Green Tree has been attempting to collect from Plaintiff an alleged deficiency on a motor vehicle retail installment sales contract that was executed in June 1998 and called for 60 payments, ending in July 2003. The contract was for personal, family or household purposes, and not for business purposes.

14. Any default on the contract necessarily occurred no later than July 2003.

2

15.     The four-year statute of limitations (810 ILCS 5/2-725) on any such default expired no later than July 2007.

16.     On information and belief, Green Tree first became involved with the purported debt on or about December 15, 2008.

17.     On or about December 30, 2008, Green Tree sent Plaintiff the letter attached as Exhibit A, claiming that "The servicing of your loan is being transferred" from another entity to Green Tree.

18.     Exhibit A was the first letter Plaintiff received regarding the debt from Green Tree, without identifying the name of the creditor to which the debt is owed.

19.     Identifying the servicing agent does not identify the creditor to which the debt is owed.

20.     On information and belief, based on the text of the letter, Exhibit A was the first letter Green Tree sent Plaintiff regarding the debt.

21.     On information and belief, Exhibit A is a form letter intended for use by Green Tree as one of the first two letters it sends to a supposed debtor.

22.     On or about January 2, 2009, Green Tree sent the Plaintiff the letter attached as Exhibit B, again claiming that "The servicing of your loan was transferred" from another entity to Green Tree, without identifying the name of the creditor to which the debt is owed.

23.     On information and belief, Exhibit B is a form letter intended for use by Green Tree as one of the first two letters it sends to a supposed debtor.

24.     Neither Exhibit A nor Exhibit B states the name of the creditor to whom the debt is owed.

25.     On information and belief, neither Exhibit A nor Exhibit B are normally filled out to state the name of the creditor to whom the debt is owed.

26.     On January 5, 2009 Defendant Green Tree sent Plaintiff the letter attached

3

as Exhibit C.

27.     Exhibit C, for the first time, states "Creditor: Green Tree Servicing, LLC," however, this information was only provided in response to Plaintiff's request for additional information and was not provided within five days of the initial communication with Plaintiff, as required by 15 U.S.C. §1692g.

28.     On January 6, 2009, Plaintiff sent Green Tree a letter disputing the debt. A copy is attached as Exhibit D.

29.     On January 16, 2009, Green Tree sent Plaintiff the letter and enclosures attached as Exhibit E, in which the transaction was identified as a motor vehicle retail installment contract dating back to 1998.

30.     On Monday, January 26, 2009, Plaintiff, through counsel, faxed and mailed a letter to two different Green Tree offices, informing Defendant that Plaintiff was represented, that the claimed debt was long past the statute of limitations, that Mr. Ramirez refused to pay it, and that Green Tree was not to contact Mr. Ramirez again.  One of the two faxes was received.  A copy of the letter and transmission report is attached as Exhibit F.

31.     On February 5, 2009, ten days after Green Tree was notified that Plaintiff was represented and was not to be contacted, Green Tree mailed Plaintiff, directly, the letter attached as Exhibit G.

32.     Exhibit G threatens "accelerated collection activity" and "further action on your account."

33.     Exhibit G is a standard form letter which Green Tree regularly sends to people from whom it is attempting to collect money.

34.     On or about February 16, 2009, Defendant sent Plaintiff directly the letter attached as Exhibit H.

**COUNT I  – FDCPA  – VALIDATION NOTICE  – CLASS CLAIM**

35.     Plaintiff incorporates paragraphs 1-36.

4

36.     Defendant violated 15 U.S.C. §1692g, by failing to state the name of the creditor to whom the debt is owed within five days of the initial communication with Plaintiff.

37.     Section 1692g provides:

**§ 1692g.  Validation of debts**

**(a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

**(1) the amount of the debt;**

**(2) the name of the creditor to whom the debt is owed;**

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

**(b) Disputed debts.  If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

**(c) Admission of liability.  The failure of a consumer to dispute the validity of**

**a debt under this section may not be construed by any court as an admission
of liability by the consumer.**

**(d) Legal pleadings. A communication in the form of a formal pleading in a
civil action shall not be treated as an initial communication for purposes of
subsection (a).**

**(e) Notice provisions. The sending or delivery of any form or notice which
does not relate to the collection of a debt and is expressly required by the
Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-
Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or
State law relating to notice of data security breach or privacy, or any
regulation prescribed under any such provision of law, shall not be treated as
an initial communication in connection with debt collection for purposes of
this section.**

## CLASS ALLEGATIONS

38.     Plaintiff brings this action on behalf of a class, pursuant to Fed.R.Civ.P.
23(a) and 23(b)(3).

39.     The class consists of (a) all individuals in Illinois, Indiana or Wisconsin
(b) to whom defendant sent initial letters in the form represented by Exhibits A-B  (c) on or after
a date one year prior to the filing of this action, and less than 20 days after the filing of this
action.

40.     The class is so numerous that joinder of all members is not practicable.

41.     Through discovery, Defendant has disclosed to Plaintiff that it estimates
the number of individuals in Illinois, Indiana or Wisconsin, to whom Defendant sent initial
letters in the form represented by Exhibits A-B,  on or after a date one year prior to the filing of
this action, and less than 20 days after the filing of this action, to be approximately 1452
individuals..

42.     There are questions of law and fact common to the class, which common
questions predominate over any questions relating to individual class members.  The
predominant common question is whether Exhibits A and B violate the FDCPA.

43.     Plaintiff's claim is typical of the claims of the class members.  All are
based on the same factual and legal theories.

6

44.     Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

45.     A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.     Individual actions are not economically feasible.

      b.     Members of the class are likely to be unaware of their rights;

      c.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

      (1)     Statutory  damages;

      (2)     Attorney's fees, litigation expenses and costs of suit;

      (3)     Such other and further relief as the Court deems proper.

Such other and further relief as is appropriate.

## COUNT II – FDCPA  – INDIVIDUAL CLAIM – CONTACTING REPRESENTED PARTY

46.     Plaintiff incorporates paragraphs 1-38.

47.     Defendant violated 15 U.S.C. §1692c by contacting Plaintiff after January 26, 2009.

48.     Section 1692c provides:

**Communication in connection with debt collection [Section 805 of P.L.]**

**(a) Communication with the consumer generally--Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt--**

**. . . (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; . . .**

**(c) Ceasing communication--If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except--**

**(1)    to advise the consumer that the debt collector's further efforts are being terminated;**

**(2)    to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or**

**(3)    where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.**

**If such notice from the consumer is made by mail, notification shall be complete upon receipt.**

**(d) Definitions--For the purpose of this section, the term "consumer" includes the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator.**

49.    Plaintiff was annoyed, harassed and damaged as a result of Defendant's continued collection efforts.

WHEREFORE, Plaintiff requests that the Court grant the following relief in favor of Plaintiff and against Defendant:

(1)    Compensatory damages;

(2)    Attorney's fees, litigation expenses and costs.

(3)    Such other and further relief as is appropriate.


s/ Cathleen M. Combs
Cathleen M. Combs

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

8

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

<u>s/ Cathleen M. Combs</u>
Cathleen M. Combs

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\22411\Pleading\Second Amended Complaint_Pleading.WPD

9

## CERTIFICATE OF SERVICE

I, Cathleen M. Combs, hereby certify that on February 3, 2010, I caused to be filed with the Clerk of the Court via the CM/ECF system the foregoing document, which will cause notification of such filing to be sent to the following:

Craig A. Varga
Jonathan N. Ledsky
Joshua D. Davidson
Varga, Berger, Ledsky, Hayes & Casey
224 S. Michigan Ave.
Suite 350
Chicago, IL 60604

                                        s/ Cathleen M. Combs
                                        Cathleen M. Combs

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

6